712 P.2d 741

**STATE of Idaho, Plaintiff-Respondent,**

v.

**William L. MORGAN, II, Defendant-Appellant.**

**No. 15552.**

Court of Appeals of Idaho.

Dec. 31, 1985.

Thomas W. Callery, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This case presents an issue of procedural due process in sentencing. William Morgan stands convicted of grand theft. He contends that the sentence was based in part upon erroneous information which he did not have a full opportunity to rebut. For reasons expressed below, we vacate the sentence and remand the case.

Morgan's crime consisted of stealing six aluminum planks from bleachers located at a baseball park in Lewiston. After pleading guilty he remained free on bond awaiting sentence. At the sentencing hearing, the district judge reviewed the presentence report, made some corrections, listened to arguments of counsel, and then made the following statement:

> My first consideration in sentencing you must be the protection of society and its people. *A condition of your bond when you were originally released was that you were to have no contact whatsoever with your wife because of certain assaultive behavior on your part* prior to that time or upon the children, any contact with the children. That was a condition of your bond. *It's been reported to the Court that you immediately went out and violated that condition of your bond, that as a result of that your wife was hospitalized.*
>
> The Court has, in addition to the report, the information from the Department of Health and Welfare, the Juvenile Services, and the reports of an investigator with regard to your stepson and some criminal activity that he's been involved in, and that report certainly leads the Court to believe that you were behind his criminal activity.
>
> I see at this point no redeeming factor of any kind. I can't consider any kind of a probation based upon your conduct in the past, your leaving the area—your walking out of the courtroom at time for sentencing in this very matter, secreting yourself away from the courtroom.
>
> So I ask you, do you know of any lawful reason why judgment shouldn't be pronounced against you?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: All right. It's the judgment of the Court you are guilty of the crime as charged and it's the further order of the Court you be committed to the Idaho State Board of Corrections for a fixed term of five years. [Emphasis added.]

The judge's assertion that Morgan had violated a condition of his bond, causing his wife to be hospitalized, was not based upon any report in the record. The report apparently was an oral statement from an unidentified source. Morgan and his attorney were unaware of any such report.

Morgan promptly appealed the sentence and later moved for a reduction of the sentence under I.C.R. 35. He argued that the judge had been misinformed. In support of his motion he presented a letter from his wife to the judge, stating that it was not Morgan, but a former husband, who had physically abused her on the occasion in question. The judge held no hearing and made no findings on the Rule 35 motion. He simply wrote "motion denied" at the bottom of the motion itself.

■■■ Our analysis begins by recognizing that a judge may consider a broad range of information when fashioning an appropriate sentence. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). However, a defendant's right to due process is abridged when the sentencing judge relies upon information that is materially untrue or when the judge makes materially false assumptions of fact. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct.

1252, 92 L.Ed. 1690 (1948); *United States v. Malcolm*, 432 F.2d 809 (2d Cir.1970); *State v. Gibson*, 106 Idaho 491, 681 P.2d 1 (Ct.App.1984); *State v. Ellefson*, 287 N.W.2d 493 (S.D.1980); *Bruneau v. State*, 77 Wis.2d 166, 252 N.W.2d 347 (1977). In order to minimize the likelihood of such due process violations, the Idaho Supreme Court has established three fundamental safeguards. (1) The defendant must be afforded a "full opportunity" to present favorable evidence. (2) He must be given a "reasonable opportunity" to examine all materials contained in the presentence report. (3) He must be afforded a "full opportunity" to explain and rebut adverse evidence. *State v. Moore*, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969).

■ The instant case turns upon the third *Moore* requirement—a full opportunity to explain and rebut adverse evidence. As noted, the "evidence" challenged in this case was an oral statement attributed to an unidentified source and revealed to Morgan only when the judge recited reasons for the sentence he intended to pronounce. In no sense can it be said that Morgan received a "full opportunity" to explain and rebut this "evidence." We believe that Morgan's right to procedural due process was violated.

The state argues that Morgan waived this violation by failing to interrupt the judge's recital or by failing to assert some "lawful reason" why judgment should not be pronounced. However, it must be remembered that when the judge began his recital, the presentence report had been examined and corrected, all known evidence had been presented, both sides had argued their positions, and the matter had been submitted for decision. The judge had a clear duty under *Moore* to render his decision upon facts in the record. Had the judge desired to enlarge the record, he should have granted the parties a genuine opportunity to prepare and offer responsive information. No such genuine opportunity was afforded here.

■ We believe the *Moore* safeguards are indispensable to a fair sentencing pro-

cess. In this respect they are analogous to the minimum standards prescribed by our Supreme Court for presentence reports. *See* I.C.R. 32. We have held that

> "[m]anifest disregard of [Rule 32] could not be countenanced on appeal without diminishing the reputation of the judicial process.
>
> ... [A] case characterized by such disregard of the rule may be reviewed, despite lack of objection below, in order to protect the integrity of the courts."

*State v. Toohill*, 103 Idaho 565, 566, 650 P.2d 707, 708 (Ct.App.1982). By parity of reasoning, we hold today that manifest disregard of the *Moore* requirements also may be examined despite the lack of an objection. We conclude that the error in this case was not waived.

■ The state further argues that even if error occurred and was not waived, the error was harmless. We acknowledge that in some circumstances, the doctrine of harmless error may apply to constitutional violations. *E.g., State v. Urquhart*, 105 Idaho 92, 665 P.2d 1102 (Ct.App.1983). When applying this doctrine to an error at trial, the test is whether the appellate court is convinced, beyond a reasonable doubt, that the outcome of the case would have remained the same had the error not occurred. *State v. Palin*, 106 Idaho 70, 675 P.2d 49 (Ct.App.1983). However, sentencing—unlike the adjudication of guilt or innocence—is a discretionary function. It is not characterized by a single "right" or "wrong" result. Consequently, it does not lend itself readily to a harmless error test. Rather, where a discretionary decision is tainted by legal or factual error, the proper appellate response is to remand for a proper exercise of discretion. A remand may be avoided only if it is plain from the judge's reasoning that the result would not change or if it appears that any different result would represent an abuse of the judge's discretion. *See Kunzler v. Kunzler*, 109 Idaho 350, 707 P.2d 461 (Ct.App. 1985).

In this case we cannot say that any sentence other than a fixed term of five years would constitute an abuse of discretion. Although Morgan has a long police record, it contains no prior felony convictions. Neither does the instant crime, by itself, demand a fixed term in prison. On the other hand, various aggravating circumstances were noted by the district judge in the remarks quoted above. In short, the sentence chosen by the district judge lies within a permissible range of sentences for this case. But it is not the only sentence that reasonably could have been pronounced absent the report that Morgan had violated a condition of his bond.

We acknowledge, of course, that the district judge ultimately denied Morgan's motion to reduce the sentence. If the judge had conducted a hearing on the motion and had ascertained whether a bond violation actually occurred, or if the judge had explained why such a determination would not affect his view of the sentence, a remand might not be necessary. However, upon the present state of the record, the judge's reasoning is obscure. A remand is required to ensure that Morgan's sentence is not a product of reliance upon materially untrue information.

Accordingly, the sentencing portion of the judgment of conviction is vacated. The case is remanded for resentencing in conformity with this opinion.

SWANSTROM, J., and McFADDEN, J. Pro Tem., concur.