862 P.2d 317

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Timothy J. GAWRON, Defendant–
Appellant.**

No. 19397.

Court of Appeals of Idaho.

Sept. 28, 1993.

Petition for Review Denied Nov. 29, 1993.

Timothy J. Gawron, pro se.

Larry EchoHawk, Atty. Gen.; Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PERRY, Judge.

Timothy John Gawron appeals from the judgment of conviction and sentence imposed following the entry of his guilty plea to burglary in the first degree and grand theft. He also appeals from the district court's denial of his motion to recuse and his Rule 35 motion for reconsideration of his sentence. We affirm.

Gawron was indicted along with co-defendant Kevin Kuck on November 27, 1990. On March 18, 1991, Gawron entered a plea of guilty to one count of burglary in the first degree and one count of grand theft. Pursuant to plea negotiations, the prosecutor dismissed one count of possession of burglary tools, agreed not to file any additional charges and agreed to dismiss part II of the indictment charging Gawron as a persistent violator pursuant to I.C. § 19-2514. The state made no agreement as to sentencing.

On May 1, 1991, Gawron and Kuck appeared before the district court for sentencing. Gawron's sentencing, however, was continued until May 24, 1991. At that time, Gawron was sentenced to a fifteen-year indeterminate term, with nine years' minimum confinement on the burglary count,[1] and nine years' minimum confinement on the grand theft count. The sentences were to be served concurrently. Gawron filed a motion pursuant to I.C.R. 35 for reduction of his sentence as well as a motion to disqualify the district judge from ruling on the Rule 35 motion. Both mo-

tions were denied by the district court. Gawron appeals from the judgment and sentence imposed and also from the denial of his Rule 35 and recusal motions.

Gawron's claims on appeal center around an allegation that the district court denied Gawron due process throughout the sentencing phase of the proceedings. Gawron alleges that the district court committed error when it denied his motion to recuse and when it relied upon misrepresented facts and charges against Gawron that had been dismissed.

I.

Gawron first alleges that the district court was biased and prejudiced against him and, therefore, should have recused itself or granted his motion for recusal. Gawron claims that the statements made by co-defendant Kuck and by the prosecutor during Kuck's sentencing hearing, and information contained within Kuck's presentence report, inflamed and prejudiced the district court, leading to a harsher sentence for Gawron. Gawron also claims that the district court was prejudiced because it relied on previously dismissed charges contained in his presentence report. I.C.R. 25(b)(4) allows a party to disqualify a judge who is "biased or prejudiced for or against any party or that party's case in the action." Whether a judge's involvement in a case reaches a point where disqualification from further participation becomes necessary is left to the sound discretion of the judge himself. *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1987). A judge can only be disqualified, however, if there is actual prejudice directed against the litigant and it is of such a nature and character as would render it improbable that the presiding judge could or would give the litigant a fair and impartial hearing. *State v. Waterman*, 36 Idaho 259, 210 P. 208 (1922); *State v. Great-*

---

1. At the time of Gawron's sentencing, the maximum period of incarceration for first degree burglary was fifteen years. I.C. § 18-1403. In 1992, the legislature repealed the statutes making first and second degree burglary separate offenses and enacted a new provision specifying a general penalty of not less than one nor more than ten years' imprisonment, for the singular crime of burglary. This enactment was effective July 1, 1992. 1992 Idaho Sess.Laws, ch. 167, p. 531.

*house*, 119 Idaho 732, 810 P.2d 266 (Ct.App. 1991).

As to the statements made by Kuck both at his sentencing and as reported by the presentence investigator, the district court indicated that it did not afford them much weight. The district court considered Kuck's prior record and situation, and questioned Kuck's credibility. The district court found it likely that both defendants would "point the finger" at each other in order to help their own case. The difference in sentencing between Kuck and Gawron, according to the trial judge, stemmed more from the fact that Kuck had less of a criminal record than Gawron and that he had cooperated with police in solving this and other burglaries. Kuck's accusation that Gawron was the leader and instigator of the burglary at issue does not appear to have weighed heavily in the imposition of the sentence and it does not appear the district court was so biased by such statements as to warrant its recusal.

■ Concerning the unproven charges that were contained in Gawron's presentence report, the Idaho Supreme Court has held that a judge may consider, among other things, previously dismissed charges when imposing a sentence. *State v. Ott*, 102 Idaho 169, 627 P.2d 798 (1981). Therefore, the fact that the district court considered charges for which Gawron had not been convicted is not an indication that the court was prejudiced.

Given the minimal weight the district court afforded to Kuck's statements and the propriety of considering previous unproven charges, we hold that Gawron has failed to show that the district court was sufficiently prejudiced to warrant a recusal, either *sua sponte* or on Gawron's motion to recuse.

## II.

The second aspect of Gawron's appeal challenges the district court's reliance on statements made during Kuck's sentencing and its mistaken reliance on information contained in Gawron's presentence report. Gawron claims that he was not given an opportunity to address the allegations made during Kuck's sentencing hearing. These allegations placed most of the blame on Gawron as the instigator of the burglary. The record, however, demonstrates that Gawron and his counsel were afforded the opportunity to address the court and discuss Kuck's allegations and those of the prosecuting attorney. Gawron himself pointed out, "If you look at the record, all it is is Kevin blaming everything on me just as hard as he can. He evidently doesn't want to accept the responsibility for what he did. That's what that is. I really don't know what to say." (R. at p. 60). In light of these statements and because of the minimal weight afforded to Kuck's statements as discussed above, we conclude that Gawron's claim of due process violations with respect to an inability to defend against Kuck's allegations is without merit.

With respect to Gawron's own presentence report, we have discussed above the issue of whether the district court could consider charges that have been dismissed in the sentencing. As noted, the charges were properly considered by the district court.

■ Gawron also claims that the district court misread his presentence investigation report and then later relied on this misperception when pronouncing sentence. In its order denying reconsideration of the sentence under I.C.R. 35, the district court noted that Gawron had seven previous felony convictions. According to the presentence report, however, Gawron only had six previous felony convictions, the seventh having been overturned on appeal due to an error in admission of evidence at trial. *See State v. Hoak*, 107 Idaho 742, 692 P.2d 1174 (1984).

■ A defendant is denied due process when the sentencing judge relies upon information that is materially untrue or when a judge makes materially false assumptions of fact. *State v. Morgan*, 109 Idaho 1040, 712 P.2d 741 (Ct.App.1985). The question before us now is whether mistakenly believing seven prior felony convic-

tions exist, when in fact there are only six, is a *materially* false assumption of fact. Black's Law Dictionary defines "material" as "Important; more or less necessary; having influence or effect; going to the merits; having to do with matter, as distinguished from form. Representation relating to matter which is so substantial and important as to influence party to whom made is 'material.'" Black's Law Dictionary 976 (6th ed. 1990). Under this definition, we cannot say that the district court's mistake as to the number of felonies was "material."

The district court did not consider the exact number of felonies in the actual sentencing, instead finding generally that Gawron was a repeat offender and likely to offend again. The issue of the seventh felony only arose in the context of the denial of the motion for reconsideration. In its order, the district court discussed specific previous offenses of which Gawron had been convicted, but did not mention the overturned 1980 conviction. Gawron has failed to show that the sentence or reconsideration motion probably would have turned out differently had the district court realized there were six prior felonies instead of seven. Our independent review of the record reveals nothing that would indicate the district court's belief that seven prior felonies existed instead of six had any material affect on either the sentence or the subsequent motion to reconsider.

We therefore conclude that Gawron's due process rights were not abridged either by the statements made at Kuck's sentencing, the statements made in Kuck's presentence report, the misperception by the district court that Gawron had seven felony convictions when in fact he only had six, or the consideration by the district court of prior unproven offenses.

### III.

■ Finally, Gawron appeals the sentence imposed and the denial of his motion for reconsideration under I.C.R. 35. The district court sentenced Gawron to a fifteen-year indeterminate term with nine years minimum confinement. Initially, we note that appellate review of a decision on a Rule 35 motion to reduce a sentence is governed by the same standard as that applied in reviewing the sentence, i.e., an abuse of discretion must be shown. *State v. Hoffman*, 112 Idaho 114, 730 P.2d 1034 (Ct.App.1986); *State v. Findeisen*, 119 Idaho 903, 811 P.2d 513 (Ct.App.1991). If the original sentence itself is not found to be an abuse of discretion, then there must be some additional evidence presented that the district court's denial of the reduction was an abuse of discretion.

■ We first consider the sentence itself. If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

■ Gawron's sentence is within the statutory maximum permitted for burglary in the first degree and grand theft. I.C. § 18-1403 and 18-2408. In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19-2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Gawron's actual term of confinement as nine years. Gawron must establish that under any reasonable view of the facts a period of confinement of nine years for the conviction for burglary and grand theft was an abuse of discretion. This court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

In sentencing Gawron, the district court took into consideration Gawron's extensive

past history of burglary and theft. In addition to his history of criminal behavior, the district court also weighed heavily the need to protect society and the need to punish Gawron. We can find nothing that indicates the district court abused its discretion in weighing these considerations. Therefore, the sentence imposed by the district court was not an abuse of discretion.

As for the denial of the motion to reconsider the sentence, no additional evidence was offered with the motion under Rule 35 to indicate that the district court abused its discretion. Because we found the sentence to be within the district court's discretion, and because of the lack of additional evidence as to the motion to reconsider, we find that the reconsideration was properly denied. *See State v. Caldwell,* 119 Idaho 281, 805 P.2d 487 (Ct.App.1991).

The judgment and sentence of the district court is affirmed. The order denying the motion to recuse and the motion to reduce the sentence is also affirmed.

WALTERS, C.J., and LANSING, J., concur.