**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39771**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 425** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 28, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **PEGGY SUE NEUMEYER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two and one-half years, for possession of a controlled substance, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Peggy Sue Neumeyer appeals from her judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two and one-half years, for possession of a controlled substance.  Neumeyer also appeals from an order denying her I.C.R. 35 motion for reduction of sentence.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In October 2011, a concerned citizen called 911 and reported that an individual, later identified as Neumeyer, was observed stealing items from a shed.  The citizen followed Neumeyer to a nearby convenience store.  When officers arrived, the citizen directed them to Neumeyer.  The officers made contact with Neumeyer in the convenience store and requested

1

that she step outside to speak with the officers. One officer asked Neumeyer if she had any weapons on her person, at which point Neumeyer placed her hands into her pockets. The officer attempted to perform a pat-down, taking control of Neumeyer's arms. The officer informed Neumeyer she was not under arrest but, rather, was being detained. However, Neumeyer became hostile, tensed her arms, and began to scream. Neumeyer subsequently kicked one of the officers in the leg.

Officers then located a bag Neumeyer had left inside the store. The officers searched the bag and discovered a syringe loaded with a brown substance which later tested presumptive positive for methamphetamine. The officers also discovered a license plate that had been reported stolen. Neumeyer was arrested and charged with felony battery on a police officer, I.C. §§ 18-915(1)(b), 18-903; possession of methamphetamine, I.C. § 37-2732(c); resisting or obstructing an officer, I.C. § 18-705; and petit theft by possession of stolen property, I.C. §§ 18-2403(4), 18-2407(2).

Pursuant to a plea agreement, Neumeyer agreed to plead guilty to possession of a controlled substance and misdemeanor battery of a police officer.[1] The state agreed to dismiss the remaining charges and to recommend a unified sentence of seven years, with a minimum period of confinement of two years. The state also agreed to recommend that the sentence be suspended. However, the state subsequently learned that Neumeyer misrepresented her criminal history and had recently used her daughter's social security number to fraudulently obtain utility services. The state sought to be relieved of its sentencing recommendations under the plea agreement and the district court ruled the state was no longer bound by the agreement.

At sentencing, Neumeyer's adult daughter testified about her upbringing with Neumeyer and described watching her mother use drugs. The state argued for a unified sentence of seven years, with a minimum period of confinement of two years. Neumeyer argued she should be placed on probation.

Prior to announcing Neumeyer's sentence, the district court provided commentary on articles in a local newspaper which had asserted drug use is a victimless crime. The district court indicated it disagreed strongly with that notion and viewed Neumeyer's case as a classic example of why. The district court indicated that Neumeyer's case involved two victims--Neumeyer and

---

[1] Neumeyer does not challenge her judgment of conviction and sentence for misdemeanor battery of a police officer.

2

her daughter. The district court then relayed its own personal experience of watching a parent struggle with alcohol addiction. The district court stated:

> Then I look at the fact that your daughter and your relationship is obviously in tatters right now. This happens to be with drugs, but it really doesn't matter whether it is drugs or whether it is alcohol or--same effect. Same impact. Your daughter is never going to forget that instance of seeing you use heroin. Just like I will never forget the impact of helping my father up the front stairs when he was too drunk to get up them. And in all other respects he was actually [a] pretty good father, but until he was 42 he was an alcoholic. Yet, it leaves your family with those kind of memories. And I guess that's a victimless memory, too.

The district court imposed a unified seven-year sentence, with a minimum period of confinement of two and one-half years. Neumeyer filed an I.C.R. 35 motion to reduce sentence, which the district court denied. Neumeyer appeals.

## II.

## ANALYSIS

### A. Excessive Sentence

Neumeyer argues that the district court abused its discretion and imposed an excessive sentence by failing to adequately consider the mitigating factors leading to Neumeyer's drug use. The state argues the district court considered all relevant information and imposed a reasonable sentence.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When

3

reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The record indicates Neumeyer has a history with drugs that spans back to 1992. Neumeyer has two felony convictions and at least nine misdemeanor convictions. In 2011, after being convicted for possession of methamphetamine in California, Neumeyer was ordered to participate in a residential treatment program. Neumeyer was kicked out within one day of being in treatment. Further, Neumeyer's drug problems resulted in a number of unstable living situations for her daughter while growing up. Neumeyer also fraudulently used her daughter's social security number to obtain utilities.

The district court also recognized a number of mitigating factors. It noted Neumeyer was the victim of a rape and that this contributed to her problem with drugs. The district court also recognized Neumeyer suffered from post-traumatic stress disorder. However, the district court determined that a short-term treatment program was not going to solve Neumeyer's addiction issues. The district court found that Neumeyer required an extended period away from drugs and that this was best achieved through imposition of a prison sentence. In reviewing the record before us, Neumeyer has failed to show that the district court abused its discretion.

## B. Neutral and Impartial Decision Maker

Neumeyer also asserts that the district court erred by not recusing itself from the case. Specifically, Neumeyer argues the district court abandoned its role as a neutral and detached decision maker and relied upon personal prejudices and biases in sentencing. The state argues that the district court's comments at sentencing do not demonstrate an abuse of discretion.

Pursuant to I.C.R. 25(b)(4), a party may disqualify a judge who is "biased or prejudiced for or against any party or his case in the action." However, even if no party moves to disqualify a judge, judges should disqualify themselves in proceedings in which impartiality might reasonably be questioned or where personal knowledge of disputed evidentiary facts might reasonably affect their impartiality in the proceeding. *See State v. Wood*, 132 Idaho 88, 95, 967 P.2d 702, 709 (1998). Whether a judge's involvement in a case reaches a point where disqualification from further participation in a defendant's case becomes necessary is left to the sound discretion of that judge. *Sivak v. State*, 112 Idaho 197, 206, 731 P.2d 192, 201 (1986). A judge can be disqualified only if there is actual prejudice directed against the litigant and it is of such a nature and character as would render it improbable that the presiding judge could or

4

would give the litigant a fair and impartial trial. *State v. Gawron*, 124 Idaho 625, 626, 862 P.2d 317, 318 (Ct. App. 1993).

The only evidence Neumeyer presents in support of her assertion of bias is the statement made regarding the district judge's father. The district court's comments did not demonstrate such a personal involvement with the case that impartiality can reasonably be questioned. The district court commented upon the nature of the offense and relayed a viewpoint that was pertinent to the case at hand. The sentiment expressed by the district court--by reference to the overwhelmingly obvious fact that drug use and possession is not a victimless crime--had already been articulated by the victim's daughter at sentencing. Idaho law recognizes that a judge may consider a wide array of information when determining an appropriate sentence for an individual. *State v. Morgan*, 109 Idaho 1040, 1042, 712 P.2d 741, 743 (Ct. App. 1985). Neumeyer has failed to demonstrate that the district court abused its discretion in failing to disqualify itself from the proceedings.

## C. Rule 35 Motion

Neumeyer argues the district court abused its discretion when it declined to reduce her sentence, despite steps she has taken towards rehabilitation while incarcerated. The state argues that the evidence set forth in the Rule 35 motion was within contemplation of the district court at sentencing and that Neumeyer failed to demonstrate an abuse of discretion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Upon review of the record, we conclude no abuse of discretion has been shown.

### III.

### CONCLUSION

The district court did not abuse its discretion in imposing a unified sentence of seven years, with a minimum period of confinement of two and one-half years. The district court's comments at sentencing, regarding its personal experience with a family member suffering from addiction, did not present the type of circumstance where impartiality could be questioned. Last, the district court did not abuse its discretion in denying Neumeyer's Rule 35 motion. Therefore, we affirm Neumeyer's judgment of conviction for possession of a controlled substance and sentence and the district court's order denying Neumeyer's Rule 35 motion are affirmed.

Judge LANSING and Judge GRATTON, **CONCUR.**