IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 42076

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 459 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 9, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JONATHON HERNANDEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction and unified life sentence, with minimum period of confinement of forty-five years, for second degree murder, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jonathon Hernandez appeals from his judgment of conviction and sentence for second degree murder and the district court's denial of his I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

A woman was discovered murdered in her home. The victim died from multiple stab wounds in the head, neck, and chest. The autopsy noted twenty-nine wounds, including one from a knife that remained lodged through the woman's head.

Two days after the woman was discovered, Hernandez was arrested. In an interview with the police, Hernandez said an acquaintance asked Hernandez to go with the acquaintance to his aunt's house to take credit cards and electronics. Hernandez said he went along, but waited outside the house smoking a cigarette. According to Hernandez, the acquaintance went inside

1

and came out very scared. Hernandez went inside the house and saw what the acquaintance had done. Hernandez went to the victim and shook her. He looked for the weapon but could not find it. Hernandez and the acquaintance then left with the victim's car and electronics and used her ATM card to get money.

Hernandez was charged with first degree murder, grand theft by possession of stolen property, and burglary. In a separate case, Hernandez was also charged with battery upon a law enforcement officer in connection with events occurring while he was in pretrial custody. A plea agreement was reached in which Hernandez pled guilty to second degree murder and all other charges, including the battery, were dismissed. Both the state and Hernandez were left free to argue for any appropriate sentence. The district court sentenced Hernandez to a unified term of life in prison, with a minimum period of confinement of forty-five years. Hernandez filed a Rule 35 motion for reduction of his sentence, which was denied. Hernandez appeals.

Hernandez argues that his sentence is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson*, 124 Idaho 179, 857 P.2d 658 (Ct. App. 1993). The

district court found that, based upon the reports from psychologists and other evidence of Hernandez's violent propensity, that Hernandez was a "high risk to the public." Therefore, according to the district court, it was necessary for Hernandez to be incarcerated for a period of forty-five years to protect society. The district court properly weighed the *Toohill* factors, giving due emphasis to the primary consideration of protecting society.

Hernandez also argues his due process rights were violated because the district court based his sentence on materially untrue information and false assumptions. Specifically, Hernandez claims the district court's error is evidenced by comments the district court made during sentencing. While weighing the *Toohill* factors, the district court expressed concerns that Hernandez would not receive the level of rehabilitative treatment in prison that he needed; that Hernandez would not be capable of being a productive member of society after his release from prison; and that, if released at a young age, Hernandez would pose a risk of violence to society. In *State v. Dunn*, 134 Idaho 165, 172, 997 P.2d 626, 633 (Ct. App. 2000), this Court stated:

> A judge may consider a broad range of information when fashioning an appropriate sentence. *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949); *State v. Morgan*, 109 Idaho 1040, 1042, 712 P.2d 741, 743 (Ct. App. 1985). A defendant is denied due process when the sentencing judge relies upon information that is materially untrue or when a judge makes materially false assumptions of fact. *State v. Gawron*, 124 Idaho 625, 627, 862 P.2d 317, 319 (Ct. App. 1993).

Hernandez's guilty plea form established the facts upon which the district court relied--that Hernandez was guilty of second degree murder by participating in events that led to the victim being stabbed to death. The district court relied on information within the record and the presentence investigation report. The district court's comments were made in the context of weighing deterrence, rehabilitation, punishment, and protection of society. Ultimately, the district court determined that, for the protection of society, it was necessary for Hernandez to be incarcerated for a minimum term of forty-five years. Giving due deference to the district court's discretion, we hold that the district court did not err in sentencing Hernandez.

Hernandez also argues that the district court erred in denying his Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35

motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). As discussed above, the district court did not abuse its discretion in sentencing Hernandez. Thus, the district court did not err in denying Hernandez's Rule 35 motion.

After reviewing the record, we hold that the district court did not abuse its discretion in sentencing Hernandez or in denying Hernandez's Rule 35 motion. Accordingly, Hernandez's judgment of conviction and sentence and the district court's denial of Hernandez's Rule 35 motion are affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.