**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42496**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 500** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 22, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **PAMELA DIANE BORUP,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and suspended unified sentence of seven years, with a minimum period of confinement of three years, for felony domestic violence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Pamela Diane Borup pled guilty to felony domestic violence. I.C. § 18-918(2) and 18-903(a). The district court sentenced Borup to a unified term of seven years, with a minimum period of confinement of three years. The district court, however, retained jurisdiction and sent Borup to participate in the rider program. Following successful completion of her rider, the district court suspended the sentence and placed Borup on probation. Borup appeals, claiming

1

her sentence is excessive and that the district court based Borup's sentence upon materially untrue information.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Specifically, Borup claims the district court's error is evidenced by one comment the district court made during sentencing. In *State v. Dunn*, 134 Idaho 165, 172, 997 P.2d 626, 633 (Ct. App. 2000), this Court stated:

> A judge may consider a broad range of information when fashioning an appropriate sentence. *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949); *State v. Morgan*, 109 Idaho 1040, 1042, 712 P.2d 741, 743 (Ct. App. 1985). A defendant is denied due process when the sentencing judge relies upon information that is materially untrue or when a judge makes materially false assumptions of fact. *State v. Gawron*, 124 Idaho 625, 627, 862 P.2d 317, 319 (Ct. App. 1993).

The district court relied on all of the information within the record. The district court's comments were made in the context of weighing deterrence, rehabilitation, punishment, and protection of society and were not based upon information materially untrue. Ultimately, the district court determined that it was necessary for Borup to be incarcerated. The district court retained jurisdiction and, following Borup's successful rider, ultimately placed her on probation. Giving due deference to the district court's discretion, we hold that the district court did not err in sentencing Hernandez.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Borup's judgment of conviction and sentence are affirmed.