**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47148**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  February 11, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| REGGIE JORDAN LARSEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Bradly S. Ford, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of three and one-half years, for lewd conduct with a minor under the age of sixteen years, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

Reggie Jordan Larsen appeals from his judgment of conviction and sentence for lewd conduct with a minor under the age of sixteen years.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Larsen was charged with lewd conduct with a minor under the age of sixteen years, I.C. § 18-1508, for inappropriately touching an eight-year-old girl.  The information alleged Larsen had committed the crime by "manual to genital and/or genital to anal contact or any other lewd or

lascivious act." During his opening statement at trial, the prosecutor described part of the expected evidence, including:

> [The victim is] going to tell you, just like you'll hear [Larsen] say, that he pushed his penis against her butt. You're going to hear her say, just like he admitted, that he put his hands on her chest where breasts would be if an eight-year-old girl had breasts. You're going to hear her say that he put his fingers on her vagina and moved them around. And you're going to hear her description of him grabbing her wrist and placing her hand on his penis. You're going to hear what she tried to do with her hand to limit that contact.

Consistent with the prosecutor's opening statement, the victim testified that Larsen had not only rubbed his hand on her vagina, but that he also grabbed her wrist and put her hand on his penis. However, although the victim testified that Larsen was "tapping his penis on [her] butt," she did not testify that Larsen's penis touched her anus. Based on the victim's testimony, the prosecutor moved to amend the information to delete the words "genital to anal" and add "genital to manual." With these changes, the pertinent part of the information would read "manual to genital and/or genital to manual contact." Although the prosecutor believed that "genital to manual" was the same as "manual to genital," the prosecutor was concerned that the order of the words might confuse the jury--specifically, that the jury might interpret "manual to genital" as not including Larsen's penile contact with the victim's hand. The district court granted the motion and the jury instruction on the elements of lewd conduct reflected the amended language.[1]

The jury found Larsen guilty of lewd conduct with a minor under the age of sixteen years. The district court sentenced Larsen to a unified term of sixteen years, with a minimum period of confinement of three and one-half years. Larsen appeals.

## II.

## ANALYSIS

Larsen argues the district court erred in granting the State's motion to amend the information. Larsen also asserts the district court abused its sentencing discretion by relying on its erroneous statement that the presentence investigator recommended incarceration. The State responds that Larsen invited any error by representing that he did not object to the motion to amend

---

[1] The elements instruction also excluded the language "any other lewd or lascivious act," which appeared in both the original and amended information.

the information and that, if not, the issue is not preserved and the district court did not err in granting the motion. In response to Larsen's sentencing claim, the State concedes that the district court's description of the presentence investigator's recommendation was erroneous, but argues that the error was not material to the district court's sentencing decision. We affirm.

## A.    Motion to Amend the Information

Larsen argues the district court erred in granting the motion to amend the information because he did not have sufficient notice of the hand-on-penis allegation and that this lack of sufficient notice prejudiced his defense at trial. Larsen also asserts that he objected to the proposed amendment based on lack of notice and that his judgment of conviction should be vacated because the district court failed to address his notice objection before granting the motion. The State responds with multiple arguments, one of which asserts that Larsen invited any error by representing to the district court that he did not object to the motion, thereby waiving his right to challenge the amendment on appeal. We agree that Larsen invited the error he asserts on appeal. As such, we do not address the State's remaining arguments.

The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose of the doctrine is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

After the prosecutor presented his reasons for deleting "genital to anal" and adding "genital to manual" to the information, which amendment the parties had also discussed "informally" off the record, Larsen's counsel stated, "I don't object to that, to either one." The State argues that, by Larsen representing that he had no objection, he invited any error associated with amending the information. Larsen contends he later changed his position on the State's motion and did not invite error. Immediately after Larsen's counsel represented that he had no objection, the following dialogue ensued:

[Court]:                Okay.

[Defense]:            But as--and my timing's off right now, but I'd like to say it while I'm thinking about it.  It occurred to me that, as [the prosecutor] was speaking to the Court about how he'd like to have that--that changed, that the--my request about the unanimity jury verdict is maybe more important because, until this trial, I had no reports and no information that there had--that--as far as I know--I mean, maybe [the prosecutor] pointed out that I actually had it and was ignorant of it--about the allegation that [Larsen] had taken [the victim's] hand and placed it on his penis.  And that would certainly fall under the category of other lewd acts, which is that catchall language.

On the other hand, I don't--I don't think it would be appropriate to proceed on something that [Larsen] didn't have notice of.  If we had notice, then I'm absolutely wrong, I guess, but I don't remember seeing anything in the discovery about that.

[Court]:              Well, I--number one, I think I had a unanimity instruction included in the proposed instructions that--

[Defense]:            You did.  You did.

[Court]:              And so we'll take that up further with the jury instructions.

[Defense]:            Right.  Right.

Larsen's counsel clarified that he meant to refer to the verdict form instead of the unanimity instruction.  Larsen's counsel then stated that they "can get that later," after which the district court granted the State's motion to amend the information.

On appeal, Larsen contends he changed his position by mentioning the lack of notice of the hand-on-penis allegation.  Read in context, however, Larsen raised the issue of notice in connection with a request regarding the verdict form, not the motion to amend the information. Larsen's counsel prefaced his remarks by saying that his "timing's off" but that he wanted to discuss the verdict form while he was "thinking about it."  When the district court stated that they could discuss the issue later, Larsen's counsel agreed.  If he had raised the notice issue to contest the State's motion to amend the information, he would not have agreed that the issue could be addressed later.  In addition, Larsen's counsel did not say that the notice issue had to do with the State's motion to amend the information--he said that he did not "think it would be appropriate to proceed on something that [Larsen] didn't have notice of," but did not explain why.[2]  Larsen has

_____

[2]     Later, while discussing the verdict form after the close of evidence, Larsen's counsel said, "I suppose in this case, a jury could find that . . . Larsen made [the victim] touch his penis, and that would be--that would constitute a lewd act, even though, you know, we weren't on--we were not

4

not shown that he withdrew his nonobjection to the State's motion to amend the information. By representing that he had no objection, Larsen acquiesced in amending the information.[3] We conclude that Larsen invited any error in regard to the district court's order to amend the information and, thus, has waived any challenge on appeal.[4]

**B.      Sentence Review**

Larsen contends the district court erroneously stated that the presentence investigator recommended that Larsen's sentence be imposed and that the district court abused its sentencing discretion by relying on this erroneous belief. The State concedes the district court's comment was erroneous but argues the erroneous belief did not materially affect the district court's sentencing decision.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary

---

on notice of that based on the discovery." Although this shows Larsen's counsel mentioned the notice issue a second time, the comment was again not connected to the State's motion to amend the information, which had already been granted before the State rested. Moreover, despite Larsen's comment below, he admits that several reports note that the victim's brother relayed the victim's account of the hand-on-penis incident. Larsen asserts that "those third-hand, hearsay allegations were not sufficient to satisfy the notice requirements because [the victim] did not endorse those allegations during her ensuing [Children at Risk Evaluation Services] interview." However, Larsen presents no authority supporting his position. The prohibition against hearsay is a rule of evidence, I.R.E. 802, not a rule that governs when a defendant has proper notice of facts underlying an allegation.

[3]      Because we conclude that Larsen did not withdraw his nonobjection to the State's motion to amend the information, his argument that the district court erred by not addressing his objection fails.

[4]      Although we do not reach the merits of Larsen's arguments regarding the amendment given his express lack of objection, to the extent he claims that an allegation of manual to genital contact only encompasses contact occurring in that order, we disagree. The lewd conduct statute criminalizes "manual-genital contact" without distinguishing between the scenarios where the perpetrator has manual contact with the genitals of the victim and where the victim has manual contact with the perpetrator's genitals. I.C. § 18-1508. Thus, both scenarios fall under the category of "manual-genital contact" and the order of the words "manual" and "genital" has no legal significance when lewd conduct is charged.

decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). A district court acts outside the boundaries of its sentencing discretion if it relies upon information that is materially untrue or makes materially false assumptions of fact, as doing so violates a defendant's right to due process. *State v. Gain*, 140 Idaho 170, 174, 90 P.3d 920, 924 (Ct. App. 2004).[5] A defendant is denied due process if the false information or assumption had any material effect on the district court's sentencing decision. *State v. Gawron*, 124 Idaho 625, 627-28, 862 P.2d 317, 319-20 (Ct. App. 1993). Where the false information or assumption does not form the basis for the sentence, there is no need to vacate the sentence on appeal. *State v. Mitchell*, 146 Idaho 378, 385, 195 P.3d 737, 744 (Ct. App. 2008).

> At the sentencing hearing, the district court stated:

> The Court has considered [the sentencing] factors and the provisions of [I.C. §] 19-2521, which the attorneys have talked about on the record today. The presentence investigation report, which recommends the Court impose a period of incarceration, all the attachments to the presentence report, and they're extensive. The Court has considered the psychosexual evaluation . . . .

As the State concedes, the district court misstated the record--the presentence investigator did not recommend incarceration but, instead, declined to make a sentencing recommendation. Read in context, however, the misstatement described what the district court believed to be the contents of a document considered by the district court. A description of information considered does not necessarily mean the district court relied on the information in forming the sentence. When reciting the rationale for Larsen's sentence, the district court did not mention the erroneous belief

---

[5]     We note that Larsen contends the district court's decision was not reached by an exercise of reason because the decision was based on false information. As argued, his challenge relies on the fourth prong of the abuse of discretion standard. This is not the correct prong to challenge for this type of error--a false premise may result in a false conclusion despite flawless reasoning. As *Gain* indicates, the correct prong to challenge is the second prong. Although Larsen did not identify the correct prong, we will consider the issue because Larsen's arguments are not conclusory and allow us to identify the proper prong. *See State v. Jeske*, 164 Idaho 862, 869, 436 P.3d 683, 690 (2019) (disavowing "a formalistic requirement that the standard of review be recited and the party claiming error attack a particular prong of that standard of review").

that the presentence investigator had recommended that the sentence be imposed. Instead, the district court analyzed aggravating and mitigating factors, such as the seriousness of Larsen's offense, the impact on the victim, and Larsen's lack of significant criminal history. Larsen has not shown that the district court's erroneous belief formed the basis for his sentence. As such, Larsen has failed to show the district court abused its sentencing discretion by violating his due process rights.

## III.

## CONCLUSION

We decline to consider whether the district court erred in granting the State's motion to amend the information because Larsen represented that he had no objection to the motion. Larsen has failed to show that the district court abused its sentencing discretion by relying on an erroneous belief in determining his sentence. Consequently, Larsen's judgment of conviction and sentence are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.